[751 NYS2d 276]

In the Matter of Hilton Soba, an Attorney, Respondent. Grievance Committee for the Tenth Judicial District, Petitioner.

Second Department, November 25, 2002

## APPEARANCES OF COUNSEL

*Robert P. Guido*, Syosset (*Dianne M. Saccone* of counsel), for Grievance Committee for the Tenth Judicial District.

*Hilton Soba*, Caswell Beach, North Carolina, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Hilton Soba has submitted an affidavit dated August 12, 2002, in which he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). In the course of his resignation, Mr. Soba avers that evidence of professional misconduct has been adduced by the petitioner's investigation and that charges would be prosecuted against him based on the following allegations: (1) failure to satisfy a judgment entered against him related to the practice of law; (2) failure to promptly pay or deliver funds in his possession that a party was entitled to receive; (3) failure to preserve an escrow down payment and converting those funds to his own use; and (4) failure to cooperate with the petitioner's investigation. Mr. Soba asserts that the judgment referred to in the first allegation has been satisfied in full and that the funds referred to in the second allegation have been paid in full.

Mr. Soba acknowledges that he cannot successfully defend himself on the merits against any charges that have been initiated against him by the petitioner based upon his conduct. He is 80 years old and asserts that he has discontinued the practice of law.

Mr. Soba avers that his resignation is freely and voluntarily rendered and that he is not being subjected to coercion or duress by anyone. He has carefully considered his decision to resign and is fully aware of the implications of submitting a resignation, including the fact that he is barred by Judiciary Law § 90 from seeking reinstatement for at least seven years.

Mr. Soba's resignation is submitted subject to any application which could be made by the petitioner for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection, pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Appellate Division to make such an order, which could be entered as a civil judgment against him, and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The petitioner urges acceptance of Mr. Soba's resignation.

Inasmuch as the proffered resignation comports with all appropriate Court rules, it is accepted, and, effective immediately,

Hilton Soba is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and COZIER, JJ., concur.

Ordered that the resignation of Hilton Soba is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Hilton Soba is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Hilton Soba shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Hilton Soba is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.